FILED

2006 May-19  PM 01:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| MARTY LINK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:06-CV-0225-RBP |
| | ) | |
| CITY OF ARAB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This cause comes to be heard upon the defendant City of Arab, Alabama's Motion to

Dismiss filed on February 27, 2006. This Motion to Dismiss was converted to a Motion for

Summary Judgment by this court on May 1, 2006.

**FACTS AND PROCEDURAL HISTORY**

The plaintiffs Marty Link and Cheryl Link (hereinafter collectively referred

to as "the Links"), are both adult residents of Marshall County, Alabama. According to the Links,

on or about May 1, 2005 Marty Link ("Link") was assaulted and battered by members of the City

of Arab Police Department at the City of Arab Police Department headquarters. Specifically, the

Links allege that Officer Jim Sandifer ("Sandifer") as well as at least one other unidentified

member of the police force assaulted Link. The Links claim that, at the time of the alleged

assault, Link was already in a frail physical condition, having previously undergone back surgery

wherein he had several vertebrae fused together and some sort of hardware implanted in his

spine. The Links also claim that Link was suffering from a shoulder injury which limited that

joint's mobility. The Links allege that, "without any provocation or probable cause, Plaintiff

Marty Link was thrown to the ground, choked, beaten and otherwise physically assaulted." They further allege that Link's hands were forced behind his back, Officer Sandifer drove a knee into Link's back, and Link was violently thrown to the floor of a cell. The Links claim that Link was denied proper medical care "despite pleas for a doctor and/or to be taken to the hospital."

The Links claim that, as a result of the alleged attack, Link suffered painful and disabling injuries. The Links further claim that Link incurred medical expenses and will incur more in the future. According to the Links, Cheryl Link has suffered a loss of "society, comfort, consortium and companionship" of her husband Link.

In Count One of the complaint, entitled "Negligence/Wantonness," the Links allege that Sandifer had a duty to Link, and that he breached that duty in a negligent/wanton manner. The Links further allege that the governmental entity defendants - the City of Arab and the City of Arab Police Department - had a duty to properly hire, train and supervise Sandifer, which was breached. According to the Links, Sandifer was at all times acting within the line and scope of his employment.

In Count Two, entitled "Violation of 42 U.S.C. § 1983," the Links allege that the acts by the defendants in causing Link's injuries amount to a deprivation of Link's constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. According to the Links, prior to May 1, 2005, the defendants developed and maintained policies and/or customs exhibiting deliberate indifference to Link's constitutional rights. These policies and/or customs included failing to supervise or properly train Sandifer and other officers, failing to enforce the laws of the State of Alabama, and improperly and inadequately investigating and/or addressing issues of safety.

In Count Three, entitled "Loss of Consortium," the Links allege that they were a lawfully married couple at all times pertinent hereto, and that the above named acts resulted in Cheryl Link being denied the love, society and companionship of her husband. They claim that Cheryl Link has had to assume a greater degree and share of family, household and parental responsibilities because of Link's disability. The Links further claim that she is legally liable for the medical and hospital expenses incurred by her husband.

On February 27, 2006 the City of Arab filed a Motion to Dismiss. That same day, the City of Arab police department filed a Motion to Dismiss. On March 15, 2006, the Links filed a Notice of Dismissal of Claim for Wanton Conduct Against Defendant City of Arab, a Notice of Dismissal of Claims for Wrongful Hiring, Training and Supervision Against Defendant City of Arab, and a Notice of Dismissal of Defendant City of Arab Police Department.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477 U.S. at 323. "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted). The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. The non-

3

moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted). Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial. *Comer v. City of Palm Bay,* 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery. *Comer*, 265 F.3d at 1192. Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS[1]

I.    **City of Arab's Motion to Dismiss.**

    A.    **The City of Arab Has No Respondeat Superior Liability for Plaintiffs' Claims of Negligence Arising from Officer Sandifer's Alleged Misconduct.**

According to the City of Arab, Section 6-5-338(a), Code of Alabama (1975), provides police officers "statutory discretionary function immunity from state law tort claims arising out of the performance of a discretionary function within the line and scope of their law enforcement duties." Section 6-5-338(a) provides:

---

    [1] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

> [E]very peace officer, except constables, who is employed
> or appointed pursuant to the Constitution or statutes of this
> state, whether appointed or employed as such peace officer
> by the state or a county or municipality thereof, or by an
> agency or institution, corporate or otherwise, created
> pursuant to the Constitution or laws of this state and
> authorized by the Constitution or laws to appoint or
> employ police officers or other peace officers, and whose
> duties prescribed by law, or by the lawful terms of their
> employment or appointment, include the enforcement of,
> or the investigation and reporting of violations of, the
> criminal laws of this state, and who is empowered by the
> laws of this state to execute warrants, to arrest and to take
> into custody persons who violate, or who are lawfully
> charged by warrant, indictment, or other lawful process,
> with violations of, the criminal laws of this state, shall at
> times be deemed to be officers of this state, and as such
> *shall have immunity from tort liability arising out of his or
> her conduct in the performance of any discretionary
> function within the line and scope of his or her law
> enforcement duties*. (emphasis added).

The City of Arab claims that a police officer is entitled to this immunity, "unless the officer's

conduct is so egregious as to amount to willful and malicious conduct or conduct engaged in in

bad faith." *Couch v. City of Sheffield*, 708 So. 2d 144, 153 (Ala. 1998). According to the City of

Arab, there is a two-pronged analysis for this immunity. The first prong involves proof by the

defendant police officer that the officer was "engaged in the performance of discretionary

functions at the time the alleged torts occurred." *Sheth v. Webster*, 145 F.3d 1231, 1238 (11th

Cir. 1998). If the acts were indeed discretionary, "the burden shifts to the plaintiff to demonstrate

that the defendants acted in bad faith, with malice or willfulness in order to deny them

immunity." *Id*. at 1239.

      According to the City of Arab, the Alabama Supreme Court has recognized that law

enforcement officers are engaged in a discretionary function while making field decisions such as

when, how, or under what circumstances to make arrests. "[E]xercising judgment in the enforcement of the criminal laws of the state...is a recognized discretionary function... 'activities of law-enforcement or correctional officers in arresting, attempting to arrest, or releasing persons' are recognized discretionary functions." *Ex parte Tuscaloosa County*, 796 So. 2d 1100, 1106 (Ala. 2000); *see also City of Birmingham v. Sutherland*, 834 So. 2d 755, 762 (Ala. 2002).

The City of Arab claims that it is clear that Sandifer was engaged in a discretionary function - assisting in the process of arresting and handcuffing Link. Section 6-5-338(b), Code of Alabama (1975), states that it "is intended to extend immunity...to peace officers *and governmental units or agencies authorized to appoint peace officers*." § 6-5-338(b), Code of Alabama (1975) (emphasis added). According to the City of Arab, courts interpreting that section have recognized that the statute directly vests a municipality with the same immunity afforded to its police officers. *See Ex parte City of Gadsden*, 781 So. 2d 936, 940 (Ala. 2000); *Montgomery v. City of Montgomery*, 732 So. 2d 305, 312 (Ala. Civ. App. 1999); *Richards v. Southeast Alabama Youth Services Diversion Center*, 105 F. Supp. 2d 1268, 1282 (M.D. Ala. 2000).

The City of Arab claims that the fact that a law enforcement officer may have been acting negligently has no effect upon the municipality's immunity under § 6-5-338 (b). *See City of Birmingham v. Sutherland*, 834 So. 2d 755, 762 (ala. 2002); *see also Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1199 (M.D. Ala. 1999).

### 1.      Proof of Willful Conduct Precludes a Claim of Liability Under § 11-47-190.[2]

---

[2]Section 11-47-190 of the Alabama Code provides:
> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent,

In *Hardy v. Town of Hayneville*, *supra*, the state law claims against the defendant municipality were premised upon vicarious liability for the acts of the Chief of Police, an individual officer, and the Mayor. The Middle District of Alabama held that with respect to those claims arising out of discretionary conduct, the Town had immunity. *Hardy*, 50 F. Supp. 2d at 1201-04. According to the City of Arab, this decision signified that "the inquiry applicable to the entitlement of a municipality to immunity under § 6-5-338 *goes no further than the first step* [recognized in *Sheth*], i.e., a determination as to whether the individual officers upon whose actions vicarious liability is sought to be imposed, were acting within the scope of their discretionary authority at the time of the occurrence of the matters at issue." (emphasis in original). The City of Arab claims that evidence of willful conduct on the part of an officer would act as a bar to a claim against the municipality. The City of Arab quotes *Hardy*:

---

> officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding.

Ala. Code 1975 § 11-47-190 (2006).

7

> The exception which renders individual peace officers liable for "willful or malicious conduct or conduct engaged in bad faith," *Couch v. City of Sheffield*, 708 So. 2d 144, 153 (Ala. 1998), would not apply to a municipality. Municipalities are immune from claims based on such conduct. Ala. Code § 11-47-190. Therefore, the Town of Hayneville could not be held liable for the conduct of Officer Davis or Chief Boyd if the court determines that they were engaged in discretionary functions within the line and scope of their law enforcement duties.

*Hardy*, 50 F. Supp. 2d at 1201-02.

### 2.    Proof of Willful Conduct Precludes a Claim for Negligence.

According to the City of Arab, evidence of willful conduct would preclude a finding of negligence, as the two are exclusive of one another. *See Thompson v. White*, 149 So. 2d 797, 804 (Ala. 1963); *Tombrello v. McGhee*, 211 So. 2d 900, 902 (ala. 1968); *Walker v. Humana Medical Corp.*, 415 So. 2d 1107, 1109 (Ala. Civ. App. 1982); *Lynn Strickland Sales and Service, Inc. v. Aero-Lane Fabricators, Inc.*, 510 So. 2d 142, 147 (Ala. 1987) (negligence is not a "lesser included offense" of wantonness); *Vick v. Tisdale*, 324 So. 2d 279, 282 (Ala. Civ. App. 1975) (the same is true for willfulness).

### B.    The Complaint Fails to State a Maintainable Claim Against the City Under 42 U.S.C. § 1983.

The City of Arab claims that a municipality's failure to train or to implement certain policies is not a constitutional violation applicable under § 1983 unless the policymaker's failure to do so is the result of deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). According to the City of Arab, "[o]utside the context of training for the use of deadly force, before a policymaker can be said to have acted in deliberate indifference, the policymaker must have had notice of other incidents of unconstitutional conduct, and must have acted

unreasonably in light of that knowledge by failing to change the training or policies." *See, e.g.,*
*Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998); *Church v. City of Huntsville*, 30
F.3d 1332 (11th Cir. 1994). The City of Arab asserts that it is not enough to merely allege that
the policies or training were inadequate. *See Board of the County Comms. v. Brown*, 520 U.S.
397, 407 (1997); *Young v. City of Augusta*, 59 F.3d 1160, 1172 (11th Cir. 1995). The plaintiff
must allege that the policymaker was aware of a past pattern of violations. *Marsh v. Butler*
*County*, 268 F.3d 1014, 1036 (11th Cir. 2001) (*en banc*).

According to the City of Arab, the only factual allegation of an unconstitutional
application of the policies is that those policies resulted in the unlawful arrest of and excessive
force used on Link. One such incident is insufficient as a matter of law to give rise to
policymaker liability. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 n. 11 (1986). The
City of Arab claims that there is no allegation of a pattern of past constitutional violations.
According to the City of Arab: "[p]laintiffs' wholly conclusory allegation that the City's actions
were taken with 'deliberate indifference' does not overcome the complaint's deficiencies. When
construing a § 1983 complaint, the Eleventh Circuit has held that allegations based on
unsupported conclusions do not prevent a Rule 12(b) dismissal." *See Marsh*, 268 F.3d at 1036 n.
16 (*quoting Mass. School of Law v. American Bar*, 142 F.3d 26, 40 (1st Cir. 1998), for the
proposition that "a review court need not 'swallow plaintiff's invective hook, line and sinker;
bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be
credited.'").

## II.    The Links' Response.

According to the Links, in the context of allegations of inadequate training and

supervision, "a Plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The Links claim that a constitutional deprivation can occur "where the failure to train [or supervise] amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1318 (M.D. Ala. 2002) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

The Links submit that the allegations of their complaint suffice "to properly allege a cause of action pursuant to 42 U.S.C. § 1983 against the Defendant City of Arab, Alabama." Should this court feel that the allegations are insufficient, the Links respectfully request that this cause of action be dismissed without prejudice until such time as the Plaintiffs might be able to gather evidence and amend their complaint.

The Links, though they voluntarily dismissed the claims for wantonness against the City of Arab, do not address the claims for negligence against that defendant.

## III.   City of Arab's Reply.

### A.   The Plaintiffs' § 1983 Claims Against the City Are Due to Be Dismissed.

According to the City of Arab, the Links' response contains only boilerplate citations relating to the *Monell*[3] standard of municipal liability. City of Arab claims that the Links have made, "no attempt whatsoever to respond to the basis of the motion of the City to dismiss, i.e., that the plaintiffs have not alleged a sufficient claim against the City to meet the *Monell* standard because there is no allegation of any instances of a past pattern of constitutional violations that

---

[3]*Monell v. Department of Social Services*, 436 U.S. 658 (1978). Though mentioned by the City of Arab in both its Motion to Dismiss and its Reply to the Links' Response to its Motion to Dismiss, neither party discusses this case.

would have provided the City with 'actual or constructive notice that the particular omission is substantially certain to result in the deprivation of the constitutional rights of [its] citizens' of the municipality." *See Young v. City of Augusta*, 59 F.3d 1160, 1172 (11th Cir. 1995) (*quoting City of Canton v. Harris*, 489 U.S. 378, 396 (1989)). According to the City of Arab, a solitary incident is insufficient as a matter of law to give rise to *Monell* liability. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 n. 11 (1986); *see also Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (*en banc*).

The City of Arab contends that the Links are aware of the insufficiency of their complaint. In support of this contention, the City of Arab points to the Links' request in their response that, should this court find the allegations insufficient, that the action be dismissed without prejudice until the Links can gather evidence and amend their complaint.

### B. Because There Appear to Be No Remaining State Claims Alleged Against the City, the Entire Complaint is Due to be Dismissed.

According to the City of Arab, the Links make no response whatsoever to the City's motion to dismiss any respondeat superior claims that might have been alleged. The City interprets this omission as an admission that Count One of the complaint makes no such claims. The City claims that the complaint alleges only that: (1) Officer Sandifer acted negligently and wantonly during the course of Link's arrest; and (2) the City had negligently hired, trained and supervised Sandifer. The Links dismissed the latter claims. According to the City of Arab, there appears to be no vicarious liability alleged against the City, so all claims, state and federal, against the City are due to be dismissed.

### IV. The Links' Response to the Motion for Summary Judgment.

The Links did not respond to this court's May 1, 2006 Submission Order converting this Motion to Dismiss to a Motion for Summary Judgment.

## CONCLUSIONS OF THE COURT

A May 18, 2006 phone call to J. Flint Liddon, the attorney for the Links in this case, revealed that the Links would not be responding to the City of Arab's Motion for Summary Judgment. The court paraphrases Mr. Liddon: "We do not have enough right now on the City of Arab, and will likely move forward as a 1983 action against the officer individually." For these reasons, as well as the arguments put forth by the City of Arab in its February 27, 2006 Motion to Dismiss, all claims put forth in this action against the City of Arab will be Dismissed, With Prejudice.

This 19th day of May, 2006.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**